UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEVEN BALL,

    Plaintiff,

v.

MARY JO ROBINSON,

    Defendant.
_____/

Case No. 1:23-cv-649

HON. JANE M. BECKERING

**MEMORANDUM OPINION AND ORDER**

Now pending before the Court in this diversity case is Defendant's Motion to Set Aside Default (ECF No. 37). Plaintiff filed a response in opposition (ECF No. 38). Defendant also filed a reply to the response (ECF No. 40), albeit without first obtaining leave from the Court. For the following reasons, the Court denies Defendant's motion.

**I**

Plaintiff initiated this case on June 23, 2023 with the filing of a Complaint (ECF No. 1), which he amended on September 5, 2023 (ECF No. 20). The deadline for Defendant to answer the Amended Complaint was initially September 19, 2023 but was extended to October 3, 2023 (Orders, ECF Nos. 19 & 22).

On September 15, 2023, this Court entered an Order granting the motion of Defendant's counsel to withdraw from this case (ECF No. 25). The Court's Order established October 3, 2023 as the deadline for Defendant to either secure counsel and for new counsel to file an appearance, or to file a notice indicating that she intends to proceed pro se (*id.*). The Court's Order also

reiterated that "Defendant has until October 3, 2023 to file an answer or other responsive pleading to the First Amended Complaint" (*id.*).

On October 2, 2023, Defendant did not file an answer but a letter to the Court (ECF No. 29). Plaintiff applied for entry of default on October 4, 2023 (ECF No. 30). On October 4, 2023, this Court issued an Order, construing Defendant's letter as a request for an extension of time and granting an extension until October 31, 2023 for Defendant to both (1) secure new counsel or file a notice indicating that she intends to proceed pro se, and (2) file an answer or other responsive pleading to the Amended Complaint (ECF No. 31). The Court denied Plaintiff's application for default without prejudice to re-filing and warned Defendant that "additional requests to extend the above deadline will not be granted" (*id.*).

On October 31, 2023, Defendant did not file an answer but a pro se application for electronic filing and service (ECF No. 32) which was granted by Order (ECF No. 33). On November 1, 2023, no answer having been filed by Defendant, Plaintiff again applied for entry of default (ECF No. 34), and the Clerk's office entered a default as to Defendant the next day (ECF No. 35). This motion followed.

**II**

Federal Rule of Civil Procedure 55(c) provides that "[t]he court may set aside an entry of default for good cause[.]" FED. R. CIV. P. 55(c). In determining whether good cause exists, a district court must consider: "(1) [w]hether culpable conduct of the defendant led to the default, (2) [w]hether the defendant has a meritorious defense, and (3) [w]hether the plaintiff will be prejudiced." *United States v. $22,050.00 U.S. Currency*, 595 F.3d 318, 324 (6th Cir. 2010) (citation omitted). The decision is within the district court's discretion. *Id.* at 322 (citation omitted).

Turning to the first factor, Defendant clearly had notice of the deadlines for her answer in this case, which were repeatedly extended to increase compliance. Defendant's disregard for the deadlines led directly to the entry of default. On the second factor, as Plaintiff points out (ECF No. 38 at PageID.296), Defendant's one-sentence motion was not accompanied by any supporting brief, as required by this Court's local rules. *See* W.D. Mich. LCivR. 7.1. Defendant has therefore concomitantly failed to identify—let alone demonstrate—a meritorious defense. While this Court has considered Defendant's reply, the reply similarly fails to demonstrate any meritorious defense and instead merely indicates Defendant's general objection to the result in this case. Third, the docket readily reveals the prejudice to Plaintiff as the case has effectively been at a standstill since its inception nearly six months ago. In sum, while the courts' long preference has been to resolve claims on their merits, *see Shepard Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 193 (6th Cir. 1986), the three factors simply do not support setting aside the default in this case. Therefore, the Court, in its discretion, denies Defendant's motion.

Accordingly:

**IT IS HEREBY ORDERED** that Defendant's Motion to Set Aside Default (ECF No. 37) is DENIED.

Dated:  December 20, 2023         /s/ Jane M. Beckering
                                  JANE M. BECKERING
                                  United States District Judge