UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEVEN BALL,

    Plaintiff,

v.

MARY JO ROBINSON,

    Defendant.
_____/

Case No. 1:23-cv-649

HON. JANE M. BECKERING

## OPINION AND ORDER

In June 2023, Plaintiff Steven Ball filed this case against his sister, Defendant Mary Jo Robinson, alleging various state-law claims. In February 2024, Plaintiff moved for entry of a default judgment. The matter was referred to the Magistrate Judge, who held an evidentiary hearing and issued a Report and Recommendation (R&R) on June 7, 2024, recommending that this Court grant Plaintiff's motion and enter a default judgment against Defendant in the amount of $216,723.99. On June 26, 2024, Defendant, who is proceeding pro se, filed objections to the Report and Recommendation. Plaintiff filed a response to the objections. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order.

This Court's Local Civil Rule 72.3(b) provides that "[a]ny party may object to a magistrate judge's proposed findings, recommendations or report within fourteen (14) days after being served with a copy thereof unless a different time is prescribed by the magistrate judge or a district

judge." W.D. Mich. LCivR 72.3(b). "Such party shall file and serve written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objections are made and the basis for such objections." *Id.*

The Magistrate Judge recommends awarding Plaintiff $127,082.54 in damages for the economic loss he suffered because of Defendant's breach of contract and tortious conduct (R&R, ECF No. 60 at PageID.714). Additionally, the Magistrate Judge determined that while "reasonable minds may differ on the appropriate amount of emotional distress damages, based on the evidence presented, including Plaintiff's hearing testimony, and the circumstances of this case," she recommended that the Court award Plaintiff $50,000 in mental or emotional distress damages (*id.* at PageID.715). The Magistrate Judge recommends that the Court award Plaintiff attorney fees in the amount of $38,292.50 and costs in the amount of $1,348.95 (*id.* at PageID.717). Last, the Magistrate Judge found that Plaintiff is entitled to both prejudgment and post-judgment interest, as described therein (*id.*). The Report and Recommendation provided a 14-day objection period (*id.* at PageID.718).

Even assuming arguendo that Defendant timely filed her objections to the Report and Recommendation, the objections lack merit. Defendant devotes the majority of her submission to "vehemently" challenging the facts establishing her liability (Def. Obj., ECF No. 61 at PageID.719–723). However, as noted by the Magistrate Judge, it is well established that once a default is entered against a defendant, that party is deemed to have admitted all of the well-pleaded allegations in the complaint pertaining to liability (R&R, ECF No. 60 at PageID.711).[1]

---

[1] Similarly, Defendant's request for the return of certain rings and a rosary is misplaced. *See* Def. Obj., ECF No. 61 at PageID.724. At this juncture in the litigation, Defendant's submission is limited to identifying the portions of the Report and Recommendation to which her objections are made. *See* W.D. Mich. LCivR 72.3(b).

Defendant makes two brief challenges to the quality of evidence supporting the Magistrate Judge's determinations.  First, Defendant makes a one-sentence challenge to Plaintiff's proofs in support of his moving and storage expenses, requesting that this Court examine the "receipts" (Def. Obj., ECF No. 61 at PageID.723).  The Magistrate Judge determined that Plaintiff's compensable storage and moving costs in 2023 and 2024 were $2,570.11 for storage costs; $8,431.00 for moving costs; and $1,226.98 for equipment rental, totaling $12,228.09 (R&R, ECF No. 60 at PageID.714).  Defendant's undeveloped objection to examine certain "receipts" provides the Court with no basis on which to review—let alone reject—the Magistrate Judge's calculations.

Defendant also asserts that the purported lack of "any proof" of Plaintiff's emotional distress, including any proof that Plaintiff "actively sought and participated in counseling and therapy," should cause the Court to reduce the recommended amount of emotional distress damages (Def. Obj., ECF No. 61 at PageID.723–724).  Plaintiff requested a minimum award of $300,000 for emotional distress damages, and the Magistrate Judge determined that an award of $50,000 was instead appropriate based on the emotional distress that Plaintiff described in his Declaration and in testimony during the hearing, as well as "the circumstances of this case" (R&R, ECF No. 60 at PageID.714–715, citing Decl., ECF No. 47 at PageID.391–397).  Defendant's objection demonstrates only her disagreement with the Magistrate Judge's assessment, and not any factual or legal error by the Magistrate Judge.

In sum, Defendant's objections are properly denied.  Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court.[2]  A Default

---

[2] In his response to the objections, Plaintiff requests that this Court increase the Magistrate Judge's recommended award of attorney fees to compensate Plaintiff for responding to Defendant's "baseless" objections (Pl. Resp., ECF No. 62 at PageID.738).  The Court declines Plaintiff's request but will not rule out further fees should this litigation be further protracted in this Court.

Judgment will be entered consistent with this Opinion and Order. *See* FED. R. CIV. P. 55(b). Therefore:

**IT IS HEREBY ORDERED** that the Objections (ECF No. 61) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 60) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Entry of Default Judgment (ECF No. 46) is GRANTED for the reasons stated in the Report and Recommendation.

Dated: August 7, 2024                                                  /s/ Jane M. Beckering
                                                                                    JANE M. BECKERING
                                                                                    United States District Judge